Filed 2/5/25  P. v. Dunn CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TUESDEE DEANN DUNN,<br><br>    Defendant and Appellant. | F083390<br><br>(Super. Ct. No. MCR063302)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Mitchell C. Rigby, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell and Kimberley A. Donohue, Assistant Attorneys General, Eric L. Christoffersen, Christopher J. Rench and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Franson, J. and Peña, J.

This matter is before us on transfer from our Supreme Court for reconsideration in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*), which settled a division among courts of appeal on the appropriate standard for assessing prejudice in the context of noncompliance with the requirements of Penal Code[1] section 1170, subdivision (b)(1), (2), and (3) as modified by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567). In accordance with the direction of the Supreme Court, we have vacated our earlier decision and permitted supplemental briefing from the parties.

Defendant Tuesdee Deann Dunn was found guilty by a court trial of violating probation. Her sentence included the upper term for her underlying count of force-likely assault.[2] On appeal, defendant contends that her sentence must be vacated, and the case remanded for resentencing in light of *Lynch* and Senate Bill 567's amendments to section 1170, subdivision (b). The People acknowledge the error but argue it was harmless. However, the People concede defendant's sentence must nonetheless be vacated and the matter remanded because the trial court's statement is insufficiently definitive to provide clear indication that it would have imposed the same sentence under the new standard. We vacate defendant's sentence and remand for full resentencing in conformity with section 1170, subdivision (b). In all other respects, we affirm.

## PROCEDURAL SUMMARY

On October 18, 2019, the Madera County District Attorney filed an amended information in case No. MCR063302 charging defendant with assault with a means of force likely to cause great bodily injury ("force-likely assault") (§ 245, subd. (a)(4); count 1) and misdemeanor violation of a protective order (§ 273.6, subd. (a); count 2).

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

[2]     The court also sentenced defendant to 125 days in county jail, with 125 days' credit for time served, for her misdemeanor violation of failing to comply with a protective order (count two).

That same day, defendant pled guilty to both counts.

On November 18, 2019, the trial court placed defendant on three years of probation in case No. MCR063302.[3]

On February 11, 2020, a petition was filed to revoke defendant's probation in case No. MCR063302. It alleged that defendant had failed to report monthly as directed by her probation officer. Defendant admitted the allegation. Her probation was revoked and reinstated for a period of three years.

On March 17, 2020, a second petition to revoke defendant's probation in case No. MCR063302 was filed. The petition alleged that defendant had committed petty theft (§ 459.5), which violated the term of her probation requiring her to obey all laws. Defendant admitted the violation and her probation was revoked and reinstated for a period of three years.

On April 27, 2021, a third petition to revoke defendant's probation in case No. MCR063302 was filed. The petition alleged that defendant violated the terms of her probation requiring her to obey all laws by: (1) committing disorderly conduct (§ 647, subd. (f)); (2) possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)); and (3) possessing paraphernalia used to smoke or ingest a controlled substance (Health & Saf. Code, § 11364, subd. (a)). The petition further alleged that defendant failed to report to her probation officer as required by the terms of her probation and that she had violated the term prohibiting use or possession of a controlled substance because her urine sample tested positive for THC and amphetamine.

On June 11, 2021, the trial court held a contested hearing regarding the third probation revocation petition in case No. MCR063302. The trial court found that

---

**3**     During this proceeding, the trial court also sentenced defendant in case No. MCR060039, after a violation of probation. The charges at issue here, in case No. MCR063302, were the basis for the violation of probation allegation in case No. MCR060039.

defendant had violated her probation by failing to obey all laws and by not reporting to her probation officer as alleged in the petition. The trial court found there was insufficient evidence supporting the allegation that defendant's urine test was positive, but found that she had nonetheless violated the probation term prohibiting controlled substance use or possession because she had been found in possession of methamphetamine and amphetamine paraphernalia. At sentencing, the trial court revoked defendant's probation and declined to reinstate it. The trial court imposed four years (the upper term) on count 1 (force-likely assault); and 125 days in county jail, with 125 days' credit for time served, deemed time served, on count 2 (misdemeanor violation of a protective order).[4] The trial court stated it found three aggravating circumstances: (1) defendant had numerous prior convictions, (2) defendant was on probation at the time the charged offenses were committed, and (3) defendant's prior performance on probation was unsatisfactory.

On September 29, 2021, defendant filed a notice of appeal in case No. MCR063302.

On appeal, we held that two of the aggravating factors that the trial court relied on, defendant's prior convictions were numerous, and defendant's performance on probation was unsatisfactory, had been properly proven under section 1170, subdivision (b)(2) and (3). (*People v. Dunn* (June 30, 2022, F083390) review granted Oct. 12, 2022 and opn. ordered nonpub. Dec. 11, 2024, S275665.) We concluded the last aggravating factor, that defendant was on probation when the offenses were committed, was not properly proven under section 1170, subdivision (b)(2) and (3), but we found the error harmless. (*Dunn*, *supra*, F083390)

---

**4** The trial court also revoked defendant's probation in case No. MCR060039. In that case, her probation was revoked and not reinstated and she was sentenced to county jail with credit for time served.

4.

On August 22, 2022, after we issued an opinion in this case, defendant filed a petition for review.

On October 12, 2022, the California Supreme Court granted the petition and deferred further action pending disposition of *Lynch*.

On August 1, 2024, the California Supreme Court issued its decision in *Lynch*. (*Lynch*, *supra*, 16 Cal.5th 730.)

On December 11, 2024, the California Supreme Court transferred this case back to our court with directions to vacate the decision and to reconsider the case under *Lynch*.

## FACTS[5]

### *Count 1—Felony Force-Likely Assault*

Defendant was married to B.O. and they had children together. B.O.'s previous wife was J.S. On May 2, 2019, defendant arrived at J.S.'s residence for reasons unknown to J.S. and J.S. told defendant to leave. After J.S. told defendant to leave a second time, defendant lunged at J.S. and they began struggling and hitting each other. J.S. pushed defendant away and saw a knife in defendant's hand. J.S. immediately grabbed the knife from defendant and cut her right thumb in doing so.

### *Count 2—Misdemeanor Violating a Court Order*

Defendant had previously been served with a criminal protective order. On June 7, 2019, while it was in effect, B.O. went to defendant's father's home to pick up their children. Defendant was outside the residence waiting for B.O. When he put their children in his car, defendant demanded the children. B.O. refused and drove away. Defendant closely followed B.O. in her vehicle and told B.O. when they arrived at the children's daycare that she would follow them into the daycare. B.O. called the police to report defendant's violation of the protective order.

---

**5**     All facts are from the probation report.

## DISCUSSION

The parties agree the case should be sent back to the trial court for another sentencing hearing. The People concede that all three aggravating factors relied upon by the trial court to impose the upper term were not properly found true under *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*), but argue harmless error can be found with regard to all three of these factors under *Chapman v. California* (1967) 386 U.S. 18, 24. However, the People concede remand is necessary because it is not clear that the trial court would have imposed the upper term of three years on count 1 in case No. MCR063302, had the court been aware of its limited discretion under *Lynch* to impose the upper term. Defendant agrees. We conclude (1) two of the circumstances in aggravation were not proved in compliance with section 1170, subdivision (b)(2) and (3); (2) the evidence presented in support of the circumstances in aggravation does not permit us to conclude beyond a reasonable doubt that a jury or the judge in a court trial would have found the facts underlying two of the circumstances in aggravation true; and (3) the record does not provide a clear indication that the trial court would have imposed the upper term had it been aware of the new presumptive middle term.

### A. *Background*

When selecting the upper term on count 1, the trial court relied on the probation officer's recommendation and found three aggravating factors: (1) defendant had numerous prior convictions, (2) defendant was on probation at the time the charged offenses were committed, and (3) defendant's prior performance on probation was unsatisfactory. The trial court stated at sentencing, "with regards to circumstances in aggravation … defendant's prior convictions are numerous, [she] was on probation when the crime was committed, and her prior performance on probation was unsatisfactory."

6.

Defendant admitted that she violated the terms of her probation on March 19, 2020, stipulating to unsatisfactory performance on probation. She waived the right to a bench trial. However, she did not waive the right to a jury trial.

The probation officer's report indicated that defendant was on probation at the time she committed her offenses and identified defendant's criminal history, which included six prior misdemeanor convictions and 11 prior probation violations.

During the contested hearing, the trial court admitted into evidence a certified copy of defendant's criminal history report as People's Exhibit 1.[6]

**B.** ***Compliance with Section 1170, Subdivision (b), as Modified by Senate Bill 567***

From March 30, 2007, to December 31, 2021, California's determinate sentencing law specified that "[w]hen a judgment of imprisonment [wa]s to be imposed and the statute specifie[d] three possible terms, the choice of the appropriate term … rest[ed] within the sound discretion of the court." (§ 1170, former subd. (b).)

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b). (Stats. 2021, ch. 731, § 1.3.) Section 1170, subdivision (b)(2) now provides, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of" an upper term sentence, and "the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) As an exception to the general rule, the court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170,

---

[6] While People's Exhibit 1 is not included in the record on appeal, the prosecution stated, "Your honor, at this time I would like to admit into evidence a certified copy of the defendant's criminal history report. I've previously shown it to the defense." The trial court responded, "All right. It will be admitted as Exhibit 1."

subd. (b)(3); see *Erlinger*, *supra*, 602 U.S. at p. 838 ["[A] judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' "])

In this case, neither a jury, nor the judge in a court trial, made any findings regarding the aggravating circumstances nor did defendant admit any facts in support of those circumstances. However, the trial court had before it a certified record of defendant's criminal history. Section 1170, subdivision (b)(3) permitted the trial court to rely on the certified record of conviction to prove defendant's prior convictions for purposes of proving aggravating circumstances. As a result, the first aggravating circumstance relied upon by the trial court—that defendant had suffered numerous convictions—was proved in compliance with amended section 1170, subdivision (b).

However, in *Erlinger*, the United States Supreme Court recently imposed new limits on the factors that a sentencing judge may rely upon to increase a sentence in the absence of either a jury finding (or a court finding if the defendant waives his right to a jury trial) or the defendant's stipulation. *Erlinger* essentially overrules the California Supreme Court's decisions in *People v. Towne* (2008) 44 Cal.4th 63 and *People v. Black* (2007) 41 Cal.4th 799. *Towne* and *Black* concluded that judges could rely on records of prior convictions to determine whether (1) the defendant's prior convictions were numerous or of increasing seriousness, (2) the defendant's prior performance on supervised release was unsatisfactory, (3) the defendant served a prior prison term, and (4) the defendant committed the offense while on supervised release. (*Towne*, at pp. 80–83; *Black*, at pp. 819–820.) In light of *Erlinger*, a sentencing judge may no longer determine any of those aggravating factors.

The parties agree, as do we, that Fifth and Sixth Amendment principles, as set out in *Erlinger*, prohibit the trial court from having made any of the aggravating circumstance findings; each must have been found true by a jury or the judge in a court

8.

trial beyond a reasonable doubt. (See *Erlinger*, *supra*, 602 U.S. at pp. 835–838.)[7] The parties further agree that neither section 1170, subdivision (b)(3), nor the Fifth and Sixth Amendments, permit a trial court to rely on a certified record of conviction to prove any of the other two circumstances in aggravation—that defendant was on probation when the charged offenses were committed and that defendant's performance on probation was unsatisfactory.[8] (See *Erlinger*, at p. 838.)

Despite two of the aggravating circumstances having not been proved in compliance with section 1170, subdivision (b)(2) and (3), and the parties' agreement that none of the aggravating circumstances findings comply with *Erlinger*, the upper term was imposed on count 1.[9] Therefore, unless imposition of the upper term on count 1 was harmless, the sentence must be vacated and the matter remanded to the trial court for resentencing in compliance with section 1170, subdivision (b).

---

[7] The California Supreme Court has granted plenary review in *People v. Wiley* (2023) 97 Cal.App.5th 676, review granted March 12, 2024, S283326, a case in which the Court of Appeal relied on *Towne* and *Black* to hold that, under the Sixth Amendment and the post-Senate Bill 567 version of section 1170, subdivision (b), a sentencing judge could impose an upper term sentence based on the increasing seriousness of the defendant's offenses and his prior unsatisfactory performance on probation. We need not weigh in on this issue to resolve this case. Moreover, as the issue is presently pending before our Supreme Court in *Wiley*, weighing in on the issue would serve no broader purpose.

[8] While defendant admitted to violating the terms of her probation on March 19, 2020, thus stipulating to unsatisfactory performance on probation for purposes of section 1170, she only waived the right to a bench trial, not the right to a jury trial.

[9] We note that the law has changed since the trial court imposed the sentence in this case. At the time the court imposed the sentence, it complied with the applicable law.

9.

### C.     *Harmless Error*

####     1.     **Legal Standard**

In *Lynch,* our Supreme Court held that where a trial court employed a former version of section 1170, subdivision (b), and relied on facts not proved in compliance with section 1170, subdivision (b) to impose the upper term, the sentence must be vacated and the matter remanded unless we conclude beyond a reasonable doubt that the jury would necessarily have found the facts underlying *all* circumstances in aggravation relied upon by the trial court true beyond a reasonable doubt.  (*Lynch*, *supra*, 16 Cal.5th at pp. 742–743, 761.)  "In making this determination, we may ' "examine[] what the jury *necessarily* did find and ask[] whether it would be impossible, on the evidence, for the jury to find *that* without *also* finding the missing fact as well." [Citation.]' … We may also find the omission harmless if we can conclude beyond a reasonable doubt 'that the omitted [fact] was uncontested and supported by overwhelming evidence.' " (*Id*. at p. 775.)  Further, because Senate Bill 567 "altered the scope of the trial court's discretion," for sentences imposed under the former version of section 1170, subdivision (b), "the record must clearly indicate that the court would have found an upper term justified had it been aware of its more limited discretion."  (*Id*. at p. 743; see *id*. at p. 777 [providing examples of the "kind of definitive statements" that our Supreme Court has found to clearly indicate a trial court "would not impose a lesser sentence under any circumstances"].)

####     2.     **Analysis**

The People contend that any error is harmless under *Chapman* because a jury or the judge in a court trial would have found true all three of the aggravating circumstances

relied upon by the court in imposing the upper term sentence in this case.[10] However, the People concede that the trial court's statement is insufficient to indicate it would impose the same sentence in light of the presumptive middle term, and accordingly, the sentence must be vacated and the matter remanded for resentencing. Defendant does not address whether the error is harmless under *Chapman* but agrees with the People's concession that, regardless of whether the error is harmless, the case must still be remanded to the trial court for resentencing because the record is not clear whether the trial court would have imposed the upper term on count 1 had it been aware of its limited discretion under *Lynch*. We agree with the parties that, regardless of whether the error is harmless under *Chapman*, the court's statement is insufficient to indicate whether the court would impose the same sentence in light of its limited discretion.

Returning to the aggravating circumstances relied upon by the trial court, we first consider whether we can conclude beyond a reasonable doubt the aggravating circumstances—although the second and third were not proved in compliance with section 1170, subdivision (b) and none were proved in compliance with the Fifth and Sixth Amendments as outlined by *Erlinger*—would nevertheless *all* have been found true by a jury or the judge in a court trial beyond a reasonable doubt. (*Lynch*, *supra*, 16 Cal.5th at pp. 742–743, 761.)

Here, the trial court relied upon defendant's admission that her performance on probation was unsatisfactory, a certified copy of her criminal history showing her prior convictions, and the probation officer's report. (*People v. Dunn*, *supra*, F083390.)

---

**10**    See *Lynch*, *supra*, 16 Cal.5th at p. 775 ["*Chapman* provides the proper standard of review" for omission of a jury trial for aggravating factors as required under the amended statute]; *People v. French* (2008) 43 Cal.4th 36, 52–53 [applying *Chapman* where, in violation of the Sixth Amendment, the trial court imposed the upper term based on one aggravating circumstance and that circumstance was not proved to the jury].

11.

The People encourage us to rely on the probation report—and lack of objection thereto—to conclude beyond a reasonable doubt that a jury or the judge in a court trial would have found true beyond a reasonable doubt all facts necessary to support the circumstances in aggravation. We cannot do so, as the probation officer's report would not have been admissible to prove any of the circumstances in aggravation. (See *People v. Reed* (1996) 13 Cal.4th 217, 221–222 [a probation report excerpt detailing the defendant's statement was inadmissible hearsay]; see *Erlinger*, *supra*, 602 U.S. at pp. 841–843 [judicial records often contain "old recorded details, prone to error, sometimes untested, often inessential, and the consequences of which a defendant may not have appreciated at the time, [which] 'should not come back to haunt [him] many years down the road' "].) Our Supreme Court's direction that to find omission of a jury finding harmless we "conclude beyond a reasonable doubt 'that the omitted [fact] was uncontested and supported by overwhelming evidence' "[11] surely requires that the evidence in the record be admissible evidence. (*Lynch*, *supra*, 16 Cal.5th at p. 775.) As our Supreme Court recently reiterated, " 'although [the] defendant did have an incentive and opportunity at the sentencing hearing to contest any aggravating circumstances mentioned in the probation report …, that incentive and opportunity were not necessarily the same as they would have been had the aggravating circumstances been tried to a jury.' [Citation.] This is so because the standard of proof at the sentencing hearing was lower and the trial court had broad discretion in imposing a sentence." (*Id.* at pp. 753–754.) Trial " '[c]ounsel's strategy might have been different had the aggravating circumstances been tried under a beyond-a-reasonable-doubt standard of proof to a trier of fact that was responsible only for determining whether such circumstances were

---

[11] The *Lynch* court also explained that any fact necessarily found by the jury in light of its verdict would be sufficient to determine beyond a reasonable doubt that the jury would have found the fact true. (*Lynch*, *supra*, 16 Cal.5th at p. 775.)

proved (and not for making the ultimate sentencing decision).' " (*Id.* at p. 754.) While the shift in trier of fact and standard of proof are not dispositive, they certainly weigh against our reliance on defendant's failure to object to the aggravating circumstances findings below. For those reasons, we must decline to rely on information relayed by the probation report in our determination of whether we can conclude beyond a reasonable doubt that a jury or the judge in a court trial would have found true beyond a reasonable doubt all of the circumstances in aggravation relied upon by the trial court.

Here, the other evidence in the record we may consider in determining whether the error was harmless are the certified record of conviction and defendant's stipulation that her performance on probation was unsatisfactory. However, as stated above, the certified record of conviction relied upon by the trial court is not in the record on appeal, and defendant did not waive the right to a jury trial when she stipulated to violating probation. Our Supreme Court has "cautioned that a prejudice analysis following a change in the law respecting proof of aggravating circumstances 'can be problematic. The reviewing court cannot assume that the record reflects all of the evidence that would have been presented to the jury, or that the defendant had the same incentive and opportunity at a sentencing hearing to contest the aggravating circumstance. [Citation.] … "[T]o the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." [Citation.] … "Many of the aggravating circumstances described in the rules require an imprecise quantitative or comparative evaluation of the facts," ' with the victim's particular vulnerability being one example." (*Lynch*, *supra*, 16 Cal.5th at pp. 775–776.) As the record here does not reflect all of the evidence that would have been presented to the jury, and we cannot assume defendant had the same incentive and opportunity at the sentencing hearing to

13.

contest the aggravating circumstances, we cannot conclude beyond a reasonable doubt that the jury would have found beyond a reasonable doubt the other two aggravating circumstances true. The error was therefore not harmless beyond a reasonable doubt.

Further, an alternative basis to conclude the error was not harmless also exists on this record: the trial court's comments on the record are insufficient for us to conclude that it gave a clear indication that it would not impose a lesser sentence under any circumstances. (*Lynch*, *supra*, 16 Cal.5th at p. 777.)

As to whether the trial court would impose the same term in light of the change in the standard for exercise of discretion, the People concede the record " 'does not necessarily speak to how the court would have exercised its discretion under the weight of the presumptive middle term maximum sentence that currently exists,' " as " 'the court did not make the kind of definitive statements that we have found to clearly indicate it would not impose a lesser sentence under any circumstances,' " "[n]or did its other decisions clearly indicate it would have imposed the upper term even had it been aware of the more limited discretion provided in section 1170, subdivision (b)." (See *Lynch*, *supra*, 16 Cal.5th at p. 777.) We agree.

Here, the trial court stated, "with regards to circumstances in aggravation … defendant's prior convictions are numerous, [she] was on probation when the crime was committed, and her prior performance on probation was unsatisfactory."

The *Lynch* court provided two examples of "definitive" statements: first, where the trial court found the defendant was " ' "deserving [of] the ultimate sentence of death," ' [the] trial court observed that the defendant was ' "the worst of the worst," ' that he ' "show[ed] absolutely no remorse" ' and that ' "[i]t's as if he has no soul" ' " (*Lynch*, *supra*, 16 Cal.5th at p. 777, citing *People v. Flores* (2020) 9 Cal.5th 371, 432); and second, "where 'the sentencing court announces that it is aware of forthcoming legislation and then explains how it would exercise its discretion under that legislation.' "

(*Lynch*, at p. 777, citing *People v. Salazar* (2023) 15 Cal.5th 416, 431.) Neither is the case here. In short, the trial court's statement is insufficiently definitive to provide clear indication that it would have imposed the same sentence under the new standard. (See *Lynch*, at p. 777; *Salazar*, at p. 431.) For this separate reason, defendant's sentence must be vacated and the matter remanded for resentencing.[12]

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded for full resentencing in conformity with section 1170, subdivision (b). The People may elect to retry the aggravating facts on remand. In all other respects, the sentence is affirmed.

---

[12] " ' "The proper remedy for this type of failure of proof—where … [aggravating facts] were 'never tried' to the jury—is to remand and give the People an opportunity to retry" ' the aggravating facts." (*Lynch*, *supra*, 16 Cal.5th at p. 776.)

15.